UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LESLIE ROTHSCHILD,

                              Plaintiff,

      -against-

COUNTY OF NASSAU, LAURA CURRAN,
MICHAEL SANTERAMO, HELENA WILLIAMS,
MARY ELIZABETH OESTERMANN, and KIM COLLINS
(individually and in their official capacities),

                              Defendants.
------------------------------------------------------------------------X

Docket No.: 22-CV-2089

**COMPLAINT**

Jury Trial Demanded

Plaintiff, LESLIE ROTHSCHILD, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of Defendants herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the discrimination against Plaintiff in the terms, conditions, and privileges of her employment, as well as the deprivation by Defendants, under the policies, ordinances, custom and usage of all rights, privileges and immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States and all of the laws and statutes thereunder. This action also arises under the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117, *et seq.,* the New York State Executive Law, Human Rights Law, Section 290, and any other cause of action which can be inferred from the facts set forth herein.

1

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1331, 42 U.S.C. §1983, and the Fifth and Fourteenth Amendment to the United States Constitution.

4. All conditions precedent to maintaining this action have been fulfilled. A Notice of Claim was served upon Defendant. Moreover, a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A right to sue letter was issued on January 12, 2022. This action was properly instituted within ninety (90) days of the receipt of said letter.

## PARTIES

5. At all times hereinafter mentioned, Plaintiff Leslie Rothschild ("Rothschild") was and still is a resident of the County of Suffolk, State of New York.

6. Defendant, County of Nassau ("Nassau"), was and still is a municipal corporation organized under the laws of the State of New York, with a service address of 1 West Street, Mineola, New York 11550.

7. Defendant, Laura Curran ("Curran"), former County Executive for Defendant Nassau, at all relevant times, was Plaintiffs supervisor. Curran aided, abetted, compelled and/or incited the unlawful treatment set forth below. Curran was and/or is responsible for the hiring, firing, promotion and discipline of employees and other employment related issues. Additionally, Curran was, at all relevant times, a policymaker for the County, charged with the responsibility of insuring that employees are not subjected to discriminatory and/or retaliatory practices. Curran had the power to make personnel decisions regarding Plaintiff's employment.

8. Defendant Michael Santeramo ("Santeramo"), Deputy County Executive for Defendant Nassau, at all relevant times, was Plaintiff's supervisor. Santoramo aided, abetted, compelled and/or incited the unlawful treatment set forth below. Santoramo and had the power to make personnel decisions regarding Plaintiff's employment.

9. Defendant Helena Williams ("Williams"), Chief Deputy County Executive for Defendant Nassau aided, abetted, compelled and/or incited the unlawful treatment set forth below.

10. Defendant Mary Elizabeth Ostermann ("Ostermann"), Equal Employment Officer for Defendant Nassau, aided, abetted, compelled, and/or incited the unlawful treatment set forth below.

11. Defendant Kim Collins ("Collins") was a County employee, and Plaintiff's supervisor, who aided, abetted, compelled, and/or incited the unlawful treatment set forth below.

## FACTS

12. Plaintiff was, at all relevant times, employed by the County as Assistant to the Director.

13. Plaintiff is disabled, and suffers from a compromised immune system as a byproduct of a cancer diagnosis and treatment. Her disability impacts her health and compromises her body's ability to fend off and fight viruses.

14. Plaintiff's supervisor was Defendant Santoramo, and she was also overseen by Defendant Curran.

15. As early as 2018, and then again upon the outset of the Covid-19 pandemic, Plaintiff advised Defendants of her disability and the impact her disability had to her ability to work.

16. More specifically, in June, July, August, and September 2020, Plaintiff discussed her disability with Defendants, among other times, and in July 2020, she formally requested, as an accommodation, that she be permitted to work from home. At that time, due to the pandemic, roughly sixty (60) percent of County employees were working from home, and Rothschild had been and was able to perform the essential functions of her job remotely.

17. Rather than grant this accommodation, which was reasonable and did not create an undue hardship for the County, the County required Rothschild to repeatedly get doctor's notes, modified/misrepresented her job description, and otherwise refused to grant Rothschild the accommodation, instead giving her thirty days, and then requiring her to, after thirty days, go through the same process of obtaining various doctors note and resubmitting a request. This necessitated Rothschild having to retain an attorney to secure her rights.

18. In fact, Rothschild's accommodation was only granted in any meaningful way after she filed a complaint with the EEOC in July 2020.

19. Furthermore, during the course of her employment, Rothschild, who worked under Santoramo, was subjected to sexual harassment and sexually inappropriate conduct, at the hands of Santoramo, who solicited sexual interaction from Rothschild and threatened her with repercussions should she not comply or report his conduct. Accordingly, as Rothschild would not comply, many of the above issues she experienced relating to the failure to provide her reasonable accommodations are also a byproduct of Santoramo's retaliatory animus.

20. In July 2021, and continuing through 2021, Rothschild continued to request accommodations to work from home, as her cancer had returned and her immune system was severely compromised, in addition to her suffering neuropathic pain that impacts her ability to

4

walk, but was only offered the ability to work out of an office the size of a closet at the County. This office was not cleaned and Rothschild would still have to walk through hallways and common areas and be exposed to potentially fatal viruses.

21. Ultimately, the County refused to grant this accommodation in retaliation for Rothschild's prior protected activities, as Santoramo acknowledged to Rothschild's counsel at one point that "I'm in a rough place to help you with the letters . . ." referencing Rothschild's complaints regarding the failure to accommodate her and her complaint to the EEOC.

22. On numerous occasions, Rothschild and/or her counsel were explicitly told that if they wanted an accommodation, they needed to stop fighting their claims and "tone down" their representation of Rothschild in the EEOC and otherwise. Clearly, this was a blatant act of retaliation, as the County made abundantly clear that the accommodations could be granted but would not due to protected activities that Rothschild was engaged in independently and though her counsel, at the time.

23. Ultimately, Plaintiff was terminated from her position with the County in January 2022, and was not afforded any reasonable opportunity to be maintained in that position or considered for a position in the incoming administration, and he name and reputation was tarnished to prevent same form occurring.

24. Defendants have acted with deliberate indifference to the constitutional rights of Rothschild. As a direct result of the acts stated herein by Defendants, Rothschild has suffered financial, physical, mental and emotional injuries.

**CAUSES OF ACTION**

25. Plaintiff incorporates the above paragraphs by reference.

26. Plaintiff has been subjected to a hostile work environment, and/or adverse employment actions, as well as an atmosphere of adverse employment actions based on her gender and/or disability, as well as a failure to accommodate her disability, and/or in retaliation for her opposition to discriminatory practices. Defendant's actions are in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117, *et seq.,* the New York State Executive Law, Human Rights Law, Section 290.

*27.* Defendant, while acting under color of state law, deprived Plaintiff of her constitutional rights, as secured by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983. The Defendant has intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights in that the Defendant's custom or practice of discriminating against Plaintiff due to Plaintiff's national origin to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

28. The constitutional abuses and violations caused by Defendants' action and inaction were directly and proximately caused by the policies, practices and/or customs developed, implemented, enforced, encourages and sanctioned by Defendant County, including, the failure: (a) to adequately supervise and train its employees and agents, thereby failing to adequately discourage constitutional violations on the part of its employees and agents; (b) to properly and adequately monitor and discipline its agents and employees; and (c) to adequately and properly ensure that

employees were afforded reasonable accommodations per federal and state law, and not retaliated against due to requests for same.

29. The individual Defendants unlawfully participated in and/or permitted the aforementioned unlawful conduct to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

30. The individual Defendants, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law § 296(6).

31. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Long Island City, New York
April 12, 2022

RICOTTA & MARKS, P.C.
*Attorneys for Plaintiff*
24-11 41st Avenue, Second Floor
Long Island City, New York 11101
(347) 464-8694

_____/s_____
Thomas Ricotta
